NOT DESIGNATED FOR PUBLICATION

No. 117,316

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEJUAN Y. ALLEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed March 23, 2018.
Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE and MCANANY, JJ.

PER CURIAM:  Dejuan Y. Allen appeals his sentence following his conviction of
one count of aggravated sexual battery. Allen's only claim on appeal is that lifetime
postrelease supervision for aggravated sexual battery is categorically cruel and unusual
punishment under the Eighth Amendment to the United States Constitution. Consistent
with prior Kansas appellate court decisions on this exact issue, we reject Allen's claim
and affirm the district court's judgment.

Because Allen makes only a categorical challenge to his sentence of lifetime postrelease supervision, and because he does not challenge the constitutionality of the sentence as applied to the facts of his case, we need not address the underlying facts and circumstances surrounding Allen's conviction. Simply stated, the State initially charged Allen with rape, a severity level 1 person felony, but he pled guilty to aggravated sexual battery, a severity level 5 person felony, in violation of K.S.A. 2015 Supp. 21-5505(b)(2). Although the presentence investigation report disclosed that Allen has numerous prior convictions for crimes, including aggravated battery and criminal threat, this case was his first conviction of a sexually violent crime. The parties agreed to a downward durational departure, and the district court sentenced Allen to 54 months' imprisonment with lifetime postrelease supervision. Allen timely filed a notice of appeal.

The issue statement in Allen's appellate brief states that "Allen's lifetime postrelease sentence is categorically cruel and/or unusual and violates the Eighth Amendment to the U.S. Constitution and Section 9 of the Kansas Constitution Bill of Rights." Specifically, Allen contends that lifetime postrelease supervision is categorically cruel and unusual punishment under the Eighth Amendment because it is harsh and disproportionate to the crime of aggravated sexual battery. Allen acknowledges that precedent is not on his side, but he argues there is a national consensus against this sentencing practice. Allen also argues that other states reserve this punishment for more serious sexual offenses, whereas aggravated sexual battery is a less culpable and less severe offense that does not warrant this level of supervision. Finally, Allen asserts that lifetime postrelease supervision fails to serve the penological goals of retribution, deterrence, incapacitation, and rehabilitation.

The State contends that lifetime postrelease supervision for aggravated sexual battery is not categorically disproportionate in violation of the Eighth Amendment. The State points out that other panels of this court have rejected the exact argument Allen is making in this appeal. The State argues that just because Kansas is in the minority of

states that imposes lifetime postrelease supervision without the possibility of release does not mean there is a national consensus against it. Finally, the State asserts that the sentence serves the goals of retribution, deterrence, incapacitation, and rehabilitation.

Before continuing, we note that although the issue statement in Allen's brief asserts that his sentence of lifetime postrelease supervision violates "Section 9 of the Kansas Constitution Bill of Rights," Allen does not offer any authority to support this claim. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015). An issue not briefed by the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). A claim under the Kansas Constitution requires a different standard of review and analysis than a claim under the Eighth Amendment. Because Allen fails to present any authority or arguments to support his claim under the Kansas Constitution, this opinion will only address Allen's claim under the Eighth Amendment.

Allen was convicted of aggravated sexual battery in violation of K.S.A. 2015 Supp. 21-5505(b)(2), which prohibits the touching of a victim who is 16 or more years of age, without consent, with the intent to arouse or satisfy the sexual desires of the offender or another, and when the victim is unconscious or physically powerless. The Kansas Legislature has defined aggravated sexual battery as a sexually violent crime subject to mandatory lifetime postrelease supervision. K.S.A 2015 Supp. 22-3717(d)(5)(I).

Allen claims lifetime postrelease supervision is categorically cruel and unusual punishment under the Eighth Amendment because it is harsh and disproportionate to the crime of aggravated sexual battery. A categorical proportionality challenge under the Eighth Amendment implicates only questions of law. This court has unlimited review over legal questions. *State v. Mossman*, 294 Kan. 901, 925, 281 P.3d 153 (2012).

3

In *Graham v. Florida*, 560 U.S. 48, 61, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), the Court applied a two-step analysis in considering a categorical challenge under the Eighth Amendment:

"The Court first considers 'objective indicia of society's standards, as expressed in legislative enactments and state practice' to determine whether there is a national consensus against the sentencing practice at issue. [Citation omitted.] Next, guided by 'the standards elaborated by controlling precedents and by the Court's own understanding and interpretation of the Eighth Amendment's text, history, meaning, and purpose,' [citation omitted], the Court must determine in the exercise of its own independent judgment whether the punishment in question violates the Constitution."

Allen contends there is not a national consensus for lifetime postrelease supervision for aggravated sexual battery. He argues that out of all the states that impose lifetime postrelease supervision, Kansas is only one of two states that does not allow for early discharge or release of supervision. He also argues that other states reserve this punishment for more serious sexual offenses, whereas aggravated sexual battery is a less culpable and less severe offense that does not warrant this level of supervision. But the inquiry is not whether there is a national consensus *for* the sentencing practice, it is whether there is a national consensus *against* the sentencing practice.

In *Mossman*, our Supreme Court stated that "'objective indicia' suggest that society is comfortable with lifetime sentences of supervised release for sex offenders, as such sentences are common." 294 Kan. at 929. Our Supreme Court has repeatedly held that lifetime postrelease supervision is constitutional for adult sex offenders and panels of this court have specifically ruled that lifetime postrelease supervision is not cruel and unusual punishment for aggravated sexual battery offenses. In *State v. Sheltrown*, No. 114,180, 2017 WL 1104503, at *3-4 (Kan. App. 2017) (unpublished opinion), *rev. denied* 306 Kan. 1329 (2017), this court stated, "the fact that Kansas is one of few states that impose lifetime postrelease supervision without the possibility of release for the crime of

4

aggravated sexual battery does not mean that there is a national consensus condemning such punishment." We agree with the analysis expressed in *Sheltrown* and conclude that there is no national consensus against this sentencing practice.

Next, this court must determine in the exercise of our own independent judgment whether the punishment in question violates the Constitution. "The judicial exercise of independent judgment requires consideration of the culpability of the offenders at issue in light of their crimes and characteristics, along with the severity of the punishment in question. In this inquiry the Court also considers whether the challenged sentencing practice serves legitimate penological goals. [Citations omitted.]" *Graham*, 560 U.S. at 67. The legitimate penological goals are retribution, deterrence, incapacitation, and rehabilitation. 560 U.S. at 71.

Allen argues that aggravated sexual battery is a less culpable offense than other sexually violent crimes because it does not involve children or penetration. But as the State points out, aggravated sexual battery and indecent liberties with a child are both severity level 5 offenses. Although aggravated sexual battery does not include a penetration element, the crime involves an unlawful touching with the intent to arouse or satisfy the sexual desires of the offender or another. See K.S.A. 2015 Supp. 21-5505(b). As this court stated in *Sheltrown*, "aggravated sexual battery is a sexually violent crime, and an offender is not any less culpable because he did not also commit other sexually violent crimes." 2017 WL 1104503, at *5. We reject Allen's claim that aggravated sexual battery is a less culpable offense than other sexually violent crimes.

This court also must consider the penological goals of lifetime postrelease supervision. Allen argues that lifetime postrelease supervision fails to serve any of the legitimate penological goals of retribution, deterrence, incapacitation, and rehabilitation. But the Kansas Supreme Court has found that "'[s]upervised release can further the end of rehabilitating sex offenders. . . . Relatedly, supervised release helps incapacitate sex

5

offenders by keeping them under the watchful eye of probation officers who may be able to detect problems before they result in irreparable harm to innocent children.' [Citation omitted.]" *State v. Cameron*, 294 Kan. 884, 898, 281 P.3d 143 (2012). Although *Cameron* involved a conviction of indecent solicitation of a child, the *Sheltrown* court applied the same reasoning to aggravated sexual battery: "Supervised release helps rehabilitate sex offenders. Further, supervised release can incapacitate sex offenders because they are kept under the 'watchful eye' of probation officers." 2017 WL 1104503, at *5.

In *State v. Lazo-Gaitam*, No. 113,818, 2013 WL 678205, at *7 (Kan. App. 2013) (unpublished opinion), a case where the defendant was convicted of aggravated sexual battery, this court stated that retribution is another recognized justification for lifetime postrelease supervision because of the high rate of recidivism and danger posed by this category of offenders. Also, in *State v. Collins*, No. 100,996, 2012 WL 6734500, at *8 (Kan. App. 2012) (unpublished opinion), another case where the defendant was convicted of aggravated sexual battery, this court concluded that lifetime postrelease supervision serves the penological goals of rehabilitation, incapacitation, retribution, and deterrence.

To sum up, lifetime postrelease supervision is not cruel and unusual punishment under the Eighth Amendment because there is no national consensus against this sentencing practice for sexually violent crimes, including aggravated sexual battery. In this court's independent judgment, aggravated sexual battery is not a less culpable offense than other sexually violent crimes just because it does not involve a child or penetration. Moreover, lifetime postrelease supervision furthers legitimate penological goals of retribution, deterrence, incapacitation, and rehabilitation. Allen's sentence of lifetime postrelease supervision is not disproportionate to his crime of aggravated sexual battery so as to constitute cruel and unusual punishment in violation of the Eighth Amendment.

Affirmed.